UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| WILMA BLANTON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 7:20-CV-71-REW-EBA |
| v. ) | |
| ) | OPINION & ORDER |
| REMINGTON ARMS CO., LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On May 28, 2020, Plaintiffs commenced this products liability lawsuit against Remington Arms Company, LLC, and Remington Outdoor Company, Inc. (together "Remington"). *See* DE 1 (Complaint).[1] Defendants moved to dismiss, and the following day Remington filed a notice of bankruptcy. *See* DE 18 (Motion to Dismiss); DE 19 (Notice of Bankruptcy). The Court stayed the case. *See* DE 22 (Stay). On reactivation, Plaintiffs filed an Amended Complaint. *See* DE 32 (Amended Complaint). Defendants now move to dismiss Counts VII, VIII, IX, and X of the Amended Complaint under Rule 12(b)(6). *See* DE 47. Plaintiffs responded. *See* DE 61 (Response). Defendants replied. *See* DE 62. The matter is ripe for review.

---

[1] Other parties have dropped since that filing. *See* DE 57 (Notice of Voluntary Dismissal for Ironshore Specialty Insurance Company); DE 58 (Notice of Voluntary Dismissal for National Fire & Marine Insurance Company).

1

## II. Legal Standard

Rule 12 governs Defendants' arguments on claim validity.[2] Rule 12(b)(6) provides that, "every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion . . . failure to state a claim upon which relief can be granted." "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (cleaned up) (internal citations omitted). "The reviewing court must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In considering a motion to dismiss under 12(b)(6), "[t]he court should not assume facts that could and should have been pled, but were not." *Id.* at 522. Importantly, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Rather, a claim "has facial

---

[2] In a diversity case, federal courts apply the choice of law rules of the state in which they sit. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 61 S. Ct. 1020, 1021-22 (1941). In tort cases, Kentucky courts apply Kentucky law if significant contacts occurred in Kentucky. *See Brewster v. Colgate-Palmolive Co.*, 279 S.W.3d 142, 145 n.8 (Ky. 2009). Here, Defendants allegedly committed torts against a Kentucky citizen, "which gives the claims significant contacts with Kentucky." *Warndorf v. Otis Elevator Co.*, No. CV 17-159-DLB-CJS, 2019 WL 137585, at *2 (E.D. Ky. Jan. 8, 2019) (cleaned up). The Court will therefore apply Kentucky law. However, under *Erie*, the court applies federal procedural rules. *See Erie R.R. Co. v. Tompkins*, 58 S. Ct. 817, 828 (1938). The parties do not grapple with or contest these topics.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Hinging on Rule 8's minimal standards, *Twombly* and *Iqbal* require a plaintiff to "plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Where plaintiffs state, "simply, concisely, and directly events that . . . entitle[] them to damages," the rules require "no more to stave off threshold dismissal for want of an adequate statement." *Id.*; *El-Hallani v. Huntington Nat'l Bank*, 623 F. App'x 730, 739 (6th Cir. 2015) ("Although *Twombly* and *Iqbal* have raised the bar for pleading, it is still low.").

### III. Argument

This products liability case involves the alleged surprise discharge of a Remington bolt-action rifle. Defendants urge the Court to dismiss four counts: Count VII ("Breach of Implied Warranty of Merchantability"), Count VIII ("Breach of Express Warranty"), Count IX ("Breach of Implied Warranty: Fitness for a Particular Purpose"), and Count X ("Common Law Fraud and Violation of Kentucky Consumer Protection Act"). *See* DE 47 at 1; *see also* DE 32 at ¶¶ 92-130 (Counts VII-X). The Court addresses all three warranty claims first, before pivoting to Count X, which encompasses alleged fraud and violation of the Kentucky Consumer Protection Act (KCPA).

#### *a. Counts VII, VIII, and IX: Breach of Warranty Claims*

Remington argues that all breach of warranty claims—express and implied—fail for lack of privity. *See* DE 47 at 3-4. Plaintiffs lean heavily on Western District of Kentucky cases to urge a finding that privity of contract is not required, as to an express

3

warranty claim.³ *See* DE 61 at 8-12 (relying on *Naiser v. Unilever U.S., Inc.*, 975 F. Supp. 2d 727 (W.D. Ky. 2013) and *Levin v. Trex Co., Inc.*, 2012 WL 7832713 (W.D. Ky. Mar. 5, 2012) to argue against privity). Consistent with its long-held view, the Court disagrees.

"Privity of contract is the relationship between parties to a contract, allowing them to sue each other but preventing a third party from doing so." *Presnell Constr. Managers, Inc. v. EH Constr., LLC,* 134 S.W.3d 575, 579 (Ky. 2004) (cleaned up). In Kentucky, "privity [of contract] remains a prerequisite for products liability claims based on warranty[.]" *Compex Int'l Co. v. Taylor*, 209 S.W.3d 462, 464 (Ky. 2006). The "Kentucky Supreme Court has repeatedly refused to extend warranties beyond those in privity." *Taylor v. Southwire Tools & Equip.*, 130 F. Supp. 3d 1017, 1021 (E.D. Ky. 2015). This applies to both express and implied warranty claims. *See Brown Sprinkler Corp.*, 265 S.W.3d at 240-41 (affirming dismissal of both express and implied breach of warranty claims for lack of privity). The only exception extends liability, for a warranty "express or implied" to household members and guests under KRS § 355.2-318. *See id.*; *see also Williams v. Fulmer*, 695 S.W.2d 411, 413-414 (Ky. 1985); *Yonts v. Easton Tech. Prod., Inc.*, 676 F. App'x 413, 420 (6th Cir. 2017) (finding that, under the exception, "only the original purchaser and the members of her household mentioned in the statute may maintain a cause of action for breach of warranty"). The Court has previously held that "the absence of privity forecloses [an] express warranty claim." *Smith v. Ethicon, Inc.*, No. 6:20-CV-222-

---

³ Plaintiffs defended the express warranty claim but did not address the privity issue for the two implied warranty claims. *See* DE 61 at 8-12. Even if Plaintiffs fortified these claims, the Court would find the implied warranty claims deficient for lack of privity. *See Brown Sprinkler Corp. v. Plumbers Supply Co.*, 265 S.W.3d 237, 240-41 (Ky. Ct. App. 2007) (noting that "[w]hile some other jurisdictions have abolished the privity requirement in implied warranty actions, our legislature has not elected to do so").

4

REW-HAI, 2021 WL 4098408, at *7 (E.D. Ky. Sept. 2, 2021). That position, and its underlayment, persist.

The Amended Complaint avers Mr. Blanton purchased a Remington Model 770 rifle from Walmart. *See* DE 32 at ¶ 2. The Response reiterates this fact. *See* DE 61 at 2. Thus, Plaintiff Blanton enjoys privity of contract only with Walmart—not Remington. Lacking privity, the three breach of warranty claims fail as a matter of law. Accordingly, the Court **DISMISSES** Plaintiffs' breach of warranty claims: Counts VII, VIII, and IX.

### b. Count X: Common Law Fraud

Defendants argue that Plaintiffs' fraud claim fails to meet the heightened Rule 9(b) requirements and to plead reliance.[4] *See* DE 47 at 4-5; *see also* Fed. R. Civ. P. 9(b). Plaintiffs contest the alleged Rule 9(b) and reliance deficiencies. *See* DE 61 at 15-20. The Complaint clearly alleges reliance in ¶ 128, so the Court rejects that foray.

Allegations of fraud necessitate heightened pleading under Rule 9(b). *See* Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud[.]"). However, this directive must, rationally, harmonize with Rule 8—requiring only a "short and plain statement of the claim." *Chesbrough v. VPA. P.C.*, 655 F.3d 461, 467 (6th Cir. 2011). Read together, Rule 9(b) does not, therefore, "reintroduce formalities to pleading," but instead aims to, "ensure that defendant possesses sufficient information to respond to an allegation of fraud," while avoiding "fishing expeditions," and narrowing discovery. *United States ex rel. Sheldon Kettering Health Network*, 816 F.3d 399, 408 (6th

---

[4] Remington made only the most cursory argument in its short motion (*see* DE 47 at 4-5) reserving most of its fire for reply. This is unhelpful, but Plaintiffs adequately substantiated the fraud claim, under the applicable precedents and based on the text of the Complaint generally and Count X in particular.

Cir. 2016); *Chesbrough*, 655 F.3d at 466 (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir. 2007)). Accordingly, Rule 9(b) allegations must include "the time, place, and content of the alleged misrepresentation . . . ; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."[5] *Chesbrough*, 655 F.3d at 467. But, despite the broader particularity directive, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Defendants argue that Plaintiffs insufficiently alleged Remington knew of the Model 770 defect, as required to perpetrate a fraud.[6] *See* DE 47 at 5; DE 62 at 4-7. The Court disagrees. Plaintiffs pleaded Remington knew or should have known of the Model

---

[5] The parties dispute the Rule 9(b) components. Defendants argue Plaintiffs must "allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; fraudulent intent of the defendants; and the injury resulting from the fraud." *See* DE 47 at 4; *see also Chesbrough*, 655 F.3d at 467. Plaintiffs contend Rule 9(b) only "requires a plaintiff (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." *See* DE 61 at 19; *see also Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012). The Sixth Circuit recently endorsed the former formulation, which the Court mostly employs here. *See Smith v. GM LLC*, 988 F.3d 873, 883 (6th Cir. 2021). Additionally, the Court notes that the key dictional differences—"fraudulent scheme" and "fraudulent intent" under the first formulation and "what made the statements fraudulent" under the second formulation—require similar factual showings. Of course, as a Kentucky-law matter, the Commonwealth's fraud elements should inform the pleadings analysis. "Under Kentucky law, a fraud claim requires that a plaintiff establish six elements by clear and convincing evidence: (1) a material misrepresentation, (2) which is false, (3) known to be false or made recklessly, (4) made with inducement to be acted upon, (5) acted in reliance thereon, and (6) causing injury." *Blair v. Johnson & Johnson*, No. 3:19-CV-333-DJH-RSE, 2020 WL 1172715, at *6 (W.D. Ky. Mar. 11, 2020) (quoting *Morris v. Tyson Chicken, Inc.*, No. 4:15-CV-77-JHM, 2015 WL 7188479, at *6 (W.D. Ky. Nov. 13, 2015) (itself quoting *Derby City Capital, LLC v. Trinity HR Servs.*, 949 F. Supp. 2d 712, 726 (W.D. Ky. 2013))).

[6] Defendants primarily contend *Smith v. G.M* requires dismissal. *See* DE 62 at 5-7. *Smith* is informative but also involved a party stipulation to a particular knowledge component not here involved. *Smith*, 988 F.3d. at 876.

770 defect from three sources—the design and materials choices of Remington in the making of the rifle, customer complaints, and repair/replace warranty claims. *See* DE 32 at ¶¶ 44-50. First, in designing the Model 770, Remington, *e.g.*, allegedly abandoned wrought steel, incorporated a new three-piece pin design, and reduced firing pin size, all of which (as comparative manufacturing or design choices, the theory goes) dangerously weakened the firing pin and introduced vulnerability to failure. *See id.* at ¶¶ 45-48, 125. Additionally, Plaintiffs state—albeit "on information or belief"—that dangerous defect notice to Remington occurred through customer complaints and orders to repair or replace bolts or firing pins. *See id.* at ¶¶ 49-50.

As Rule 9(b) indicates, Plaintiffs may plead intent and knowledge, "generally." The factual pleadings here satisfy the standard within Rule 9(b) for, "intent, knowledge, or other conditions of a . . . mind[.]"

Although the issue is fairly close, the Court finds the fraud claim well-pleaded and sufficiently over the Rule 12(b)(6) bar. This is based on the entirety of the Complaint, consideration of the *Iqbal/Twombly* rubric, and the special category of fraud theories. Here, Plaintiffs directly (if alternatively) allege defect knowledge in several places. *See* DE 32 at ¶¶ 44-50, 122-26. Each allegation is tethered to a particular condition relative to product status. Further, the notice basis includes not just the inferential results of "complaints . . . received directly from customers" but also warranty claims for "Remington 770 rifles that were damaged as a result of the latent defects described[.]" *Id.* at ¶ 126. The factual coupling bolsters the assertion of notice "upon information and belief."[7] Additionally, the

---

[7] This is different from the *Smith v. GM* situation, where plaintiffs at most alleged "the manufacturer could have theoretically known about the flaw" from pre-production testing and internet complaint traffic, which showed only a possible defect, not the risk of failure.

7

Complaint imputes knowledge to Remington and alleges conduct, in the punitive damage claim, that was intentional, willful, and reckless. *See* DE 32 at ¶¶ 170-174 (Count XVII).

Notably, the Complaint expressly claims that Blanton went to the Remington website (*see id.* at ¶ 104) and relied on the product statements and brochures features on that page in making his purchase. *See, e.g., id.* at ¶ 105 ("[B]ut for the above-described . . . statements and representations, Larry Blanton would not have purchased[.]"); *id.* at ¶ 128. The Complaint supplies the statements, alleges a basis for falsity, alleges reliance, and adequately infers statement timing relative to Blanton's reliance—that he relied on web material in making the purchase firmly fixes the timing of the alleged statements influencing the decision. Per the content of the pleading, the circumstances of the claimed fraud (false representations and deception in light of knowledge about product condition, adequately asserted in ¶ 127) and resulting injury are plain enough to avoid dismissal.

Given the Complaint content and the Kentucky fraud rubric, which does include as actionable false statements recklessly made, the Court finds that the fraud claim, viewed favorably to Plaintiffs and with the benefit of reasonable inferences, plausibly alleges a basis for liability against Remington. It survives, at this stage of the case.

### e. KCPA Violation

Defendants argue the KCPA claim cannot stand because Plaintiffs merely recited elements from the KCPA and did not plead privity as required by Kentucky law. *See* DE 47 at 5-6. Plaintiffs deny the privity requirement. *See* DE 61 at 12. The Court has previously

---

988 F.3d at 884-85. Again, *Smith* applied a particular proof rubric, did not involve the manufacturing choices explicated here, and, of course, did not involve an alleged self-activating firearm but rather a cracked dashboard.

addressed the KCPA privity issue and found it an essential element for the statutory claim.[8] *See Smith*, 2021 WL 4098408, at *7-8. Lacking privity in this case, the KCPA claim fails.

The KCPA prohibits "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." KRS § 367.170(1). "Any person who purchases . . . goods . . . primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal" as a result of a KRS § 367.170 violation may sue an offender. KRS § 367.220(1). Privity of contract is generally required. *See, e.g.*, *Skilcraft Sheetmetal, Inc.*, 836 S.W.2d at 909 ("The legislature intended that privity of contract exist between the parties in a suit alleging a violation of the Consumer Protection Act."). And although the requirement of privity has been debated, recent cases underscore its necessity. *See Smith*, 2021 WL 4098408, at *8 (collecting cases).

Here, as explained earlier, Plaintiffs do not allege privity, a required component, in the Amended Complaint. Thus, the Court **DISMISSES** the KCPA claim in Count X.

---

[8] In *Smith*, the Court surveyed the landscape and found privity required. *See Smith* 2021 WL 4098408, at *8 (E.D. Ky. Sept. 2, 2021) (Wier, J.). Nearly a year later, the Eastern District of Kentucky has only solidified the privity requirement. *See Noble v. State Farm Mut. Auto Ins. Co.*, No. 5:22-CV-31-DCR, 2022 U.S. Dist. LEXIS 43378, at *5 (E.D. Ky. Mar. 11, 2022) ("Similarly, without privity of contract there can be no claim under the KCPA."); *Sexton v. Ethicon, Inc.*, No. 5:20-CV-282, 2021 WL 4138399, at *5 (E.D. Ky. Sept. 10, 2021) ("Plaintiff's KCPA claim must be dismissed because there is no privity of contract between Plaintiff and Ethicon."); *see also Garvin v. Ethicon, Inc.*, No. 3:20-CV-714-BJB, 2022 WL 2910024, at *8 (W.D. Ky. July 22, 2022) ("To bring a [KCPA] claim, a plaintiff must have privity of contract or a warranty from the seller.").

## IV. Conclusion

For these reasons, the Court **GRANTS** DE 47 in part and **DISMISSES** with prejudice[9] Counts VII, VIII, IX, and X, though preserving for litigation the fraud component of Count X.

This the 9th day of September, 2022.

Signed By:
Robert E. Wier
United States District Judge

---

[9] Plaintiffs already amended once. The lack of privity, being incurable by amendment on this record, leads to dismissal with prejudice.